**YONGQIANG MA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 12–71305.

United States Court of Appeals, Ninth Circuit.

*** This disposition is not appropriate for publication and is not precedent except as provid-

Submitted Feb. 18, 2014.*

Filed March 3, 2014.

Michael A. Rohr, Esquire, Law Offices of Michael A. Rohr, West Covina, CA, for Petitioner.

Robert Markle, Senior Litigation Counsel, OIL, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

MEMORANDUM **

Yongqiang Ma, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir.2010). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination, including inconsistencies between Ma's testimony and written declaration regarding whether a written petition was filed with the government, when he learned about the alleged corrupt activities, as well as discrepancies regarding the documentation he submitted in support of his visa application. *See id.* at 1045–48 (substantial evidence supported agency's adverse credibility finding under "totality of the circumstances"). The agency was not compelled to accept Ma's explanations for these inconsistencies. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir.2011). In the absence of credible testimony, Ma's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

